IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIMBERLY HERAS, on behalf of herself and all others similarly situated, | ) ) ) | CV. NO. 5:13-CV-498-DAE |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| RAPID TAX, INC., RICHARD SOWELL, and KIMBERLY J. SOWELL, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE
ON DEFENDANT RICHARD SOWELL

Before the Court is a Motion for Substituted Service on Defendant

Richard Sowell filed by Plaintiff Kimberly Heras ("Plaintiff").  ("Mot.," Dkt. # 14.)

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition

without a hearing.  For the reasons that follow, the Court **GRANTS** Plaintiff's

Motion.

BACKGROUND

The instant litigation arises from Plaintiff's employment with

Defendant Rapid Tax, Inc. ("Rapid Tax"), which was owned during Plaintiff's

1

employment by Defendants Richard Sowell and Kimberly J. Sowell.  Plaintiff

claims that Defendants violated the Fair Labor Standards Act ("FLSA") by

unlawfully classifying its tax preparers and office managers as exempt from the

FLSA, and thereby failed to pay tax preparers and office managers time and one-

half for all hours worked over forty in a workweek.  Plaintiff also maintains that

Defendants failed to maintain certain employment records required by the FLSA

and terminated her in violation of 29 U.S.C. § 215 because she complained about

not receiving overtime.

On June 10, 2013, Plaintiff filed the instant action in this Court.  (Dkt.

# 1.)  Shortly thereafter, Plaintiff was able to serve Defendants Rapid Tax and

Kimberly J. Sowell, both of whom have appeared and filed an Answer in this

lawsuit.  (Mot. ¶ 2; Dkt. # 4 (Defendants' Answer).)  However, Plaintiff has been

unable to serve Defendant Richard Sowell, despite numerous attempts at his

residence.  (Id. ¶ 3.)  According to William Aultman, a private process server, he

attempted to serve Defendant Richard Sowell at his place of residence on 2324

Village Path, New Braunfels, Texas 78130 on eight separate occasions:

| October 21, 2013 | 10:50 a.m. | No response at door, left delivery notice.  No neighbors could or were home to verify address. |
| October 23, 2013 | 12:45 p.m. | No response at door, left delivery notice.  No neighbors could or were home to verify address. |
| October 24, 2013 | 8:57 p.m. | No response at door, left delivery |

| | | |
|---|---|---|
| | | notice.  No neighbors could or were home to verify address. No vehicles present. |
| October 25, 2013 | 12:09 p.m. | No response at door, left delivery notice.  One vehicle in driveway license BH63618 Richard Sowell 9/14. |
| October 29, 2013 | 9:23 a.m. | No response at door, left delivery notice.  A neighbor confirmed this is a good address.  I spoke to George. |
| November 1, 2013 | 1:09 p.m. | No response at door, left delivery notice. No neighbors could or were home to verify address. |
| November 2, 2013 | 10:15 a.m. | No response at door, left delivery notice.  No neighbors could or were home to verify address. |
| November 6, 2013 | 4:15 p.m. | No response at door, left delivery notice.  No neighbors could or were home to verify address. No vehicles present. |

("Aultman Aff.," Dkt. # 14, Ex. 1.)  Plaintiff now seeks leave of Court to effect

substitute service on Defendant Richard Sowell.

<u>DISCUSSION</u>

Federal Rule of Civil Procedure 4(e) allows service upon an individual

"pursuant to the law of the state in which the district court is located."  Because this

Court sits in the Western District of Texas, it will look to Texas authority for service

of process.

Because of its greater reliability, "Texas law prefers personal service

over substitute service."  <u>Vespa v. Nat'l Health Ins. Co.</u>, 98 S.W.3d 749, 751 (Tex.

App. 2003); <u>accord</u> <u>Mylonas v. Tex. Commerce Bank-Westwood</u>, 678 S.W.2d 519,

522 (Tex. App. 1984) ("[S]ubstituted service is not the preferred method").  Texas

Rule of Civil Procedure 106(a) sets out the methods of personal service in Texas:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> > (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
> >
> > (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1), (a)(2).

Where proof of actual notice under Rule 106(a) is impractical,

however, substitute service exists to allow plaintiffs to effect service.  State Farm

Fire & Cas. Co. v. Costley, 868 S.W.2d 298, 298 (Tex. 1993).  "Under Rule 106(b)

a court may authorize substituted service only after a plaintiff has unsuccessfully

tried to effect personal service or service by certified mail, return receipt requested,

as required by Rule 106(a)."  Id.; see also Tex. R. Civ. P. 106(b).  That Rule states

in part:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either [Rule 106]a)(1) or (a)(2) at the location named in the affidavit but has not been successful, the court may authorize service.

Tex. R. Civ. P. 106(b).  Upon receipt of an affidavit declaring that attempts under

Rule 106(a)(1) or Rule 106(a)(2) have been unsuccessful, a court may authorize

substitute service which, shown from the affidavit or other evidence, is reasonably

calculated to provide notice.  Costley, 868 S.W.2d at 299.

>                 Substitute service can be effectuated by
>
> leaving a true copy of the citation, with a copy of the petition attached,
> with anyone over sixteen years of age at the location specified in such
> affidavit, or in any other manner that the affidavit or other evidence
> before the court shows will be reasonably effective to give the
> defendant notice of the suit.

Tex. R. Civ. P. 106(b).  When a court has ordered substituted service pursuant to

Rule 106, the only authority for the substituted service is the order itself.  Dolly v.

Aethos Comm. Sys., Inc., 10 S.W.3d 384, 388 (Tex. App. 2000); see also Broussard

v. Davila, 352 S.W.2d 753, 754 (Tex. Civ. App. 1961) ("Except upon the terms and

conditions stated by the judge in his order, there is no authority for substitute

service.").  Therefore, the requirements set forth in the order must be strictly

followed.  See Broussard, 352 S.W.2d at 754.

                In this case, Plaintiff has shown by affidavit that she has attempted

personal service on Defendant Richard Sowell at his home pursuant to Rule 106(a)

on eight separate occasions.  (See Aultman Aff. at 1.)  Given that Plaintiff has

diligently tried to satisfy Rule 106(a), but to no avail, the Court finds substitute

service appropriate.  See Tex. R. Civ. P. 106(b).  Accordingly, Plaintiff may serve

Defendant Richard Sowell either by leaving Summons with a copy of the Complaint and this Order with anyone 16 years of age or older at his home residence, located at 2324 Village Path, New Braunfels, Texas 78130 or by posting the Summons with a copy of the Complaint and this Order on the front door of his home residence, located at 2324 Village Path, New Braunfels, Texas 78130.[1]  The Court reminds that these two methods of substitute service must be strictly followed.  See Dolly, 10 S.W.3d at 388.

CONCLUSION

For the reasons outlined herein, the Court **GRANTS** Plaintiff's Motion for Substituted Service on Defendant Richard Sowell (Dkt. # 14).

IT IS SO ORDERED.

DATED: San Antonio, Texas, June 3, 2014.

_____
David Alan Ezra
Senior United States District Judge

---

[1] Plaintiff also requested substitute service to include mailing a copy to Defendant Richard Sowell via first class mail to his home residence.  (Mot. at 4.)  While substituted service by first-class mail is an accepted form of substituted service, see Costley, 868 S.W.2d at 299, the Court finds that posting a copy of the Summons and Complaint at Defendant's residence is a more calculated method to give Defendant notice of the pending litigation.  See Williams v. Asset Acceptance LLC, 03-11-00520-CV, 2012 WL 2989219, at *3 (Tex. App. July 20, 2012) ("Substituted service, however, is predicated on having a procedure that, though it may not give actual notice, is expected to be 'reasonably effective to give the defendant notice of the suit.'" (quoting Tex. R. Civ. P. 106(b)).